**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

_____

No. 99-40358
_____

THOMAS WAYNE MASON,

                              Petitioner-Appellant,

versus

GARY L. JOHNSON, Director, Texas
Department of Criminal Justice, Institutional Division,

                              Respondent-Appellee.

Appeal from the United States District Court
for the Eastern District of Texas
(5:98-CV-071)

December 3, 1999

Before HIGGINBOTHAM, EMILIO M. GARZA, and BENAVIDES, Circuit Judges.

EMILIO M. GARZA, Circuit Judge:[*]

Thomas Wayne Mason, a Texas inmate on death row, requests a certificate of appealability ("COA"). He must make a substantial showing of the denial of a constitutional right for a COA to issue. *See* 28 U.S.C. § 2253(c)(2). To satisfy this standard, he must demonstrate that the issues are debatable among jurists of reason, that a court could resolve the issues (in a different manner), or that the questions are adequate to deserve encouragement to proceed further. *See Drinkard v. Johnson*, 97 F.3d 751, 755-56 (5th Cir. 1996).

The application for a COA focuses on the testimony given during the penalty phase of Mason's trial by two psychologists, Dr. Willard Gold and Dr. Thomas Allen, regarding Mason's future dangerousness. According to Mason, the testimony of Drs. Gold and Allen on future dangerousness was based, in part, on information and impressions gleaned during interviews that each

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

of the psychologists conducted prior to trial to determine his competency to stand trial and sanity at the time of the offense. Because neither doctor nor his attorney, Thomas F. Killingsworth, disclosed that statements made during the interviews could be used later at the punishment phase on the issue of future dangerousness, Mason objects to Drs. Gold and Allen relying on the interviews as a basis for their opinions, citing the Fifth, Sixth, and Fourteenth Amendments.[1]

Mason has failed to make a substantial showing of the violation of a constitutional right. The record from the state trial court shows that neither Dr. Gold nor Dr. Allen based testimony regarding Mason's future dangerousness on anything learned while examining Mason for competency and sanity. The trial court barred Drs. Gold and Allen from basing testimony on future dangerousness on the earlier interviews of Mason.[2] Before Dr. Gold took the stand, the trial court engaged in a colloquy with him to insure that he understood that he could not consider the interview in testifying on future dangerousness. The trial court did the same thing with Dr. Allen. Likewise, the prosecutor asked both Dr. Gold and Dr. Allen to review the sources on which they respectively based their opinions of future dangerousness. Neither Dr. Gold nor Dr. Allen cited the interviews on competency and sanity. In this regard, when Dr. Gold explained on cross-examination that his statement during direct examination that Mason was "very intelligent and very knowledgeable in the

_____

[1]    The application for a COA addresses the following: (1) the admission of the testimony by Drs. Gold and regarding Mason's future dangerousness; (2) Dr. Gold's alleged failure to heed the trial court's limiting instruction on his testimony regarding Mason's future dangerousness; (3) Dr. Allen's failure to disclose that Mason's statements during the interview could be used on the issue of future dangerousness; and (4) the failure of Mason's counsel to disclose that Mason's statements during the interviews could be used on the issue of future dangerousness. In the application, he mentions the Fifth Amendment right against self-incrimination, the Sixth Amendment right to effective assistance of counsel, and the Fourteenth Amendment's Due Process Clause.

[2]    In his petition for leave to file a supplemental brief, Mason asserts a "discrepancy" in whether the trial court sustained or overruled Mason's objection to the doctors' testimony. Mason asserts that while the trial court's findings of fact states that the objection was sustained (a finding on which the state relies in its brief in opposition to the COA), in actuality the objection was overruled. Mason, however, is merely mistaken; there is no discrepancy. The trial transcript shows that while the court allowed Drs. Gold and Allen to testify, it forbade them from testifying to Mason's future dangerousness based on the pre-trial interviews. Accordingly, while the trial court overruled Mason's motion to exclude the doctors' testimony altogether, it sustained the objection to their testimony on future dangerousness based on the interviews.

ways of the law" was based on his observation of Mason in the courtroom.

Accordingly, we DENY Mason's application for a COA, and we DENY Mason's petition to file a supplemental brief.